# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>FREE SPEECH SYSTEMS, LLC,<br>    Debtor. | Bankruptcy Case No. 22-60043 |
| SHANNON & LEE LLP,<br>    Appellant,<br><br>v.<br><br>U.S. TRUSTEE<br>    Appellee. | Civil Action No. 23-00461 |

**APPELLANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE BRIEF**

Shannon & Lee LLP (the "Appellant"), the appellant in the above-captioned proceeding before the District Court, hereby moves for an extension of time to file its appellant's brief until thirty (30) days after the U.S. Bankruptcy Court for Southern District of Texas (the "Bankruptcy Court") rules on the *Debtor's Motion for Order Approving Settlement* (the "9019 Motion"), currently pending before the Bankruptcy Court. In support this motion, the Appellant submits a copy of the 9019 Motion attached hereto as Exhibit A and respectfully states as follows:

## Background

1.      The Appellant initiated this action by filing a notice of appeal with the Bankruptcy Court on February 3, 2023. The matter was docketed with this Court on February 8, 2023.

2.      The record of the proceedings before the Bankruptcy Court were transmitted to the District Court on March 9, 2023.

3.      Bankruptcy Rule 8018(a)(1) provides that an appellant must file and serve a brief within thirty (30) days after the docketing of notice that the record has been transmitted, unless the district court specifies a different time limit. Appellees have thirty (30) days after the appellant's brief is filed to file and serve their briefs pursuant to Bankruptcy Rule 8018(a)(2).

4.      The Appellant has reached an agreement with the Debtor and the subchapter v trustee appointed in the underlying chapter 11 case that, if approved by the Bankruptcy Court, would resolve the appeal in this action along with other motions pending before the Bankruptcy Court. As set out in the 9019 Motion and the proposed order attached thereto, the settlement would require the Appellant to cause this action to be dismissed or withdrawn upon an order of the Bankruptcy Court approving the settlement becoming a final, non-appealable order.

5.      Avoiding the expense of continued litigation is an important reason that the Appellant agreed to the settlement.

## Relief Requested

6. The Appellant seeks the entry of an order extending the deadline for the Appellant to file its brief in this action until thirty (30) days after the Bankruptcy Court enters an order granting or denying the 9019 Motion.

7. The proposed order attached hereto would require the Appellant to file with this Court and serve on the parties thereto a notice within seven (7) days of the Bankruptcy Court's order granting or denying the 9019 Motion.

## Basis for Relief

8. This Court has authority to extend the deadline for the Appellant to file its brief. Bankruptcy Rule 8018(a) expressly provides that the deadlines contained therein only apply "unless the district court or BAP by order in a particular case excuses the filing of briefs or specifies different time limits . . . ." Bankruptcy Rule 8013(b), which governs motions presented to a district court on appeal from a bankruptcy court ruling, provides that "[t]he district court or BAP may rule on a motion for a procedural order—including a motion under Rule 9006(b) or (c)—at any time without awaiting a response." Bankruptcy Rule 9006(b)(1), in turn, provides that a "court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period original prescribed or as extended by previous order . . . ."

9. Cause exists here for the Court to extend the deadline for the Appellant to file its brief. The Appellant has reached an agreement that would resolve this appeal and make the briefing unnecessary. Avoiding the expense of litigating this action and other

matters resolved by the settlement was the motivation for the settlement. However, the proposed settlement remains subject to the approval of the Bankruptcy Court and the Federal Rules of Bankruptcy Procedure require twenty-one (21) days' notice before consideration of such approval absent an expedited setting. *See* Fed. R. Bankr. P. 2019 & 2002. Allowing for full notice in the Bankruptcy Court and extending the deadline for the Appellant to file its brief would best conserve the resources of this Court, the Bankruptcy Court, and the parties while also ensuring due process to parties in interest in the chapter 11 case.

10. Moreover, the extension of the deadline for the Appellant to files its brief is not opposed. The Appellant contends this is independent cause for purposes of Bankruptcy Rule 9019.

WHEREFORE, premises considered, the Appellant requests that the Court enter an order extending the deadline for the Appellant to file its brief in this action as set forth above, and for such other and further relief the Court deems appropriate.

Dated: March 17, 2023

/s/ R. J. Shannon
R. J. Shannon
S.D. Texas Bar No. 3192614
Texas Bar No. 24108062
SHANNON & LEE LLP
Pennzoil Place
700 Milam Street, Suite 1300
Houston, Texas 77002
Telephone: (713) 714-5770
Facsimile: (833) 714-5770
Email: rshannon@shannonleellp.com

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing motion, exclusive of the case caption, table of contents, table of authorities, signature block, and certificates contains 758 words, as registered by the word processor with which the motion was prepared.

/s/ R. J. Shannon

## CERTIFICATE OF CONFERENCE

I hereby certify that on March 16, 2023, I contacted the attorney for the U.S. Trustee regarding the relief requested in the above motion. The attorney for the U.S. Trustee indicated that there was no opposition to the relief requested in the motion.

/s/ R. J. Shannon

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served through the Court's CM/ECF system on all parties registered to receive such service and by separate email and U.S.P.S. first class mail on the following parties:

Ha Minh Nguyen
Office of the U.S. Trustee
515 Rusk Street
Ste. 3516
Houston, TX 77002
ha.nguyen@usdoj.gov

Beth Ann Levene
DOJ-Ust
Executive Office for the U.S. Trustees
441 G Street, N.W.
Suite 6150
Washington, DC 20530
beth.a.levene@usdoj.gov

Raymond William Battaglia
Law Offices of Ray Battaglia, PLLC
66 Granburg Circle
San Antonio, TX 78218
rbattaglialaw@outlook.com

Christina W Stephenson
Crowe & Dunlevy, PC
2525 McKinnon St.
Suite 425
Dallas, TX 75201
Crissie.Stephenson@crowedunlevy.com

Kyung Shik Lee
4723 B Oakshire Dr
Houston, TX 77027
kslee50@gmail.com

/s/ R. J. Shannon